*Law Library*

## IN THE SUPERIOR COURT OF GUAM

SUPERIOR COURT
OF GUAM

2012 SEP 11 PM 1:31

THE PEOPLE OF GUAM, )
                  )     **CRIMINAL CASE NO. CF0176-12**
      vs.            )
                  )     **DECISION AND ORDER**
EDWARD KESKE MARAR, )
                  )
         Defendant.   )
                  )

### INTRODUCTION

This matter came on July 2, 2012 before the Honorable James L. Canto II for a hearing on Defendant's motion for discovery, which was filed June 5, 2012. Assistant Attorney General Brian D. Gallagher, Esq. appeared on behalf of the Government and Assistant Public Defender Mikaela J. Silkey, Esq. appeared with the Defendant. Having considered the parties' briefs and oral arguments, and the applicable law, the Court now issues the following Decision and Order.

### BACKGROUND

Defendant is charged with five (5) counts of first degree criminal sexual conduct involving a six (6) year-old minor. On June 5, 2012, Defendant moved this Court to order the release to Defendant of any Child Protective Services ("CPS") records regarding the alleged victim. The Defendant argues these records are material because the police referred the child to CPS and Defendant surmises the alleged victim may have made statements to CPS regarding the offense. Defendant further asserts a theory that the alleged victim's father sold drugs out of his home and fabricated his daughter's testimony after the Defendant discovered the alleged victim's father's drug activity. On this basis, Defendant believes the CPS records may conclude that no abuse occurred, arguably equating exculpatory evidence against the charges in this case.

Accordingly, Defendant moves for *in camera* review of the CPS records under 8 GCA § 70.35 and disclosure pursuant to 19 GCA § 13210(b)(2) and 8 GCA § 70.15. The Government objects on the grounds that the contents of CPS records are confidential. Finally, the Defendant moves for disclosure of any plea agreements offered to a witness in exchange for testimony in this case.

ORIGINAL

## 1. *In Camera* Review of CPS Records

Under Guam law, information reported to CPS is confidential, but it may be released to:

> [c]ourts of competent jurisdiction, upon a finding that access to the records may be necessary for determination of an issue before the court. Access shall be limited to inspection by the court only, unless the court determines that disclosure of the records to interested parties is necessary for the resolution of an issue pending before it.

*19 GCA § 13210(b)(2)* (July 10, 2012).

The in camera review of confidential child-abuse records under Section 13210(b)(2) is consistent with 8 GCA § 70.35 and constitutional principles of due process. *See Pennsylvania v. Ritchie*, 480 U.S. 39, 59-61, 107 S.Ct. 989, 1002-1003, 94 L.Ed.2d 40 (1987). In *Ritchie*, the U.S. Supreme Court weighed the compelling state interest in the confidentiality of child-abuse investigations against a criminal defendant's due process right to the disclosure of exculpatory evidence. The Court held that both due process and confidentiality are protected by the *in camera* review of confidential state records where, "the court would be obligated to release information material to the fairness of the trial." *Ritchie*, 480 U.S. at 60.

In this case, Defendant contends the victim was referred to CPS for an investigation of the alleged child abuse and that CPS may have found that the allegation was fabricated. On this basis, the CPS records regarding the victim may be necessary for a fair trial in this case. In light of *Pennsylvania v. Ritchie*, the Court grants Defendant's motion for *in camera* review of relevant CPS records. Accordingly, pursuant to 19 GCA § 13210(b)(2) and 8 GCA § 70.35, the Court shall review the confidential CPS records *in camera* and release any exculpatory evidence material to the fairness of the trial.

## 2. Plea Agreements

In general, a prosecutor's failure to disclose a plea bargain as unique impeachment evidence against a key witness can amount to a violation of due process. *See Horton v. Mayle*, 408 F.3d 570, 578-582 (9th Cir. 2005). In this case, the Defendant requests production of unknown plea agreements, and the Court must remind the Government of its obligation to



ORIGINAL

produce any material information that would tend to negate the guilt or punishment of the Defendant, including unique impeachment evidence of key Government witnesses. *See* 8 GCA § 70.10(a)(7).

///

///

///

### CONCLUSION

Based upon the foregoing, Defendant's motion for *in camera* review of CPS records regarding the alleged victim is hereby GRANTED. The Court shall review the records *in camera* pursuant to 19 GCA § 13210(b)(2) and 8 GCA § 70.35, and it shall release to Defendant any exculpatory information material to the fairness of the trial pursuant to *Pennsylvania v. Ritchie*, 480 U.S. 39.

**SO ORDERED** this __//7H__ day of September, 2012.

_____
**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**



SEP 1 1 2012

Ryan T. Balajadia
Deputy Clerk, Superior Court of Guam

ORIGINAL